[Baker's Administrator *v.* Wood.]

## Baker's Administrator *v.* Wood.

### *Partial Settlement and Distribution of Insolvent Estate.*

*Parties to settlement.* — On the settlement and distribution of an insolvent estate, the only proper parties are the administrator *de bonis non,* in his official capacity, on the one side, and the creditors whose claims have been allowed, or their assignees, on the other; and where some of the claims against the estate, regularly filed, and not objected to, are decrees of the probate court of another county, in favor of several wards, rendered on a final settlement of the decedent's guardianship by his executor, who is also the administrator of his insolvent estate, the court has no power to allow him to retain, out of the amount distributed and allowed on these decrees, for moneys advanced by him individually to the wards after the death of the guardian, and before the settlement of his guardianship, nor to substitute him as a creditor in place of the wards; nor to allow him to deduct the amount of his advances from the sum to be distributed among the wards, although the moneys were advanced under an agreement with the succeeding guardian that this should be done.

APPEAL from the Probate Court of Mobile.

In the matter of the settlement and distribution of the insolvent estate of Robert A. Baker, deceased, which was declared insolvent on the 6th July, 1867. The said Baker in his lifetime was, by appointment of the probate court of Dallas county, the guardian of five minors, who are called in the bill of exceptions "the Dallas children," and died without making a settlement of his guardianship. On the 12th August, 1867, a settlement of his guardianship was made by his executors, and decrees were rendered by said probate court of Dallas, in favor of each of the wards, as follows: In favor of E. F. Dallas, by her guardian, P. G. Wood, $3,631.58; in favor of M. E. Dallas, by said Wood as her guardian, $2,907.16; in favor of Geo. J. Dallas, by said Wood as his guardian, $4,551.59; in favor of Rebecca J. Dallas (now Hopkins), the wife of F. M. Hopkins, $2,632.47; and in favor of Julia A. Dallas, then of full age, $3,108.98. The estate of said Baker having been declared insolvent before the rendition of these decrees, it was ordered that they be certified to the probate court of Mobile, as claims against his estate; and they were accordingly so certified and filed, and no objection was filed to their allowance.

William L. Baker and Stephen M. Potts were appointed and qualified as the executors of said Robert A. Baker's will, but the former was the sole acting executor. On final settlements of their accounts as executors, on the 8th August, 1867, in said probate court of Mobile, a balance was ascertained to be in the hands of said executor of $2,223.38; and no other person being nominated by the creditors of the estate, said William L. Baker was appointed by the court as the administrator *de bonis non* of the insolvent estate. This decree con-

tains also the following recitals : "And it is now shown to the court by the said executor, that the said testator was guardian, in the probate court of Dallas county, of E. F. Dallas, M. E. Dallas, Geo. J. Dallas, Julia A. Dallas, and Rebecca J. Dallas, minors ; that all the estate of said minors came to the hands of their said guardian, and a large balance was and is due to each of them, the same being in process of settlement in said probate court of Dallas county ; that to support the said minors, and to keep them from want, the said executor paid out for each of them, to their present guardian, the following sums respectively : to E. F. Dallas, $680 ; M. E. Dallas, $460 ; Geo. J. Dallas, $280 ; Julia A. Dallas, $80 ; and to Rebecca J. Dallas, $700 ; on which sums he is entitled to charge interest from the time of payment ; the same to be allowed as credits upon the *pro rata* share of each of said minors, on the final settlement of this estate ; the further consideration of which matters is postponed until said final settlement."

On a partial settlement and distribution of the assets of the insolvent estate, made on the 8th June, 1871, a *pro rata* allowance of eight per cent. was decreed to each of the creditors whose claims had been filed and allowed, including the said minors. The said administrator moved the court, as the bill of exceptions recites, "that in the order and decree of distribution now to be made among the creditors of said estate, he be substituted in the place and stead of the said minors and of their guardian, and that he be allowed to keep and retain the *pro rata* now otherwise appearing to be due to them respectively, to the extent of the several sums advanced by him to them respectively, as ascertained and decreed by the order heretofore made by this court on the 8th day of August, 1867." In support of this motion, the said administrator offered in evidence the said decree of the 8th August, 1867, and proposed to show that, at the time these moneys were advanced and paid out by him for the said minors, the insolvency of the estate was well known ; that the said minors were in need of food, clothing, and other necessaries, and had no means of support except their supposed interest in said insolvent estate ; and that the moneys were advanced and paid out by him, out of his own funds, under an agreement and understanding with the guardian of said minors, "that they should be considered as advances against the respective *pro rata* interests of said minors in said estate, and should stand as credits against the same in the hands of said administrator, and be by him retained until he was repaid and reimbursed." The court rejected the evidence, and overruled the motion ; to which the administrator excepted. The administrator then asked the court to allow him to deduct, from the general fund

[Baker's Administrator v. Wood.]

to be distributed among the said minors, the sums so advanced by him to or for them, and to render decrees in their favor for the residue only ; which motion also was overruled and refused by the court, and the administrator excepted. These rulings of the court are now assigned as error.

GIBBONS & PRICE, for appellant. — 1. The probate court had jurisdiction to render the decree of August 8, 1867. *NcNeill's Adm'rs* v. *McNeill's Creditors*, 36 Ala. 109; *Graham* v. *Abercrombie*, 8 Ala. 559; *Hearrin* v. *Savage*, 16 Ala. 286–94; *Carroll* v. *Moore*, 7 Ala. 615; *McPherson* v. *Cunliff*, 11 Ser. & R. 437; Amer. Law Register for November, 1871, p. 708.

2. That decree, if the court had jurisdiction, is *res adjudicata*, until set aside in a direct proceeding by a competent court; and until set aside it is, *primâ facie*, correct, and may be made the basis of a final decree. *Rhodes* v. *Turner*, 21 Ala. 210; *Willis* v. *Willis*, 9 Ala. 334; *Scruggs* v. *Orme*, 46 Ala. 533.

3. The right of an administrator to be substituted in the place of a creditor, whose claim he has paid, is well settled. 2 Story's Equity, § 1047; *McNeill* v. *McNeill*, 36 Ala. 109; *Graham* v. *Abercrombie*, 8 Ala. 552; *Willis* v. *Willis*, 9 Ala. 334; *Carroll* v. *Moore*, 7 Ala. 615; *Watkins* v. *Dorgett*, 1 Bland, 530; *Collinson* v. *Owens*, 6 Gill & J. 4; *Smith* v. *Haskins*, 7 J. J. Mar. 502.

P. HAMILTON, *contra.*— 1. The questions sought to be raised by the administrator pertained to the jurisdiction of the probate court of Dallas, by which the letters of guardianship were granted, and could not be adjudicated by the probate court of Mobile.

2. The decrees in favor of the minors were not objected to, and they are conclusive. Rev. Code, § 2202; 33 Ala. 457; 20 Ala. 772.

3. If the administrator had any valid claim against the insolvent estate, it was not filed and verified as required by law. Rev. Code, § 2196; 31 Ala. 396, 409; 32 Ala. 611; 34 Ala. 540, 555; 46 Ala. 634.

4. The administrator was not an assignee of the minors, and did not bring himself within the decisions cited as to the rights of assignees.

PETERS, C. J. — The sums advanced or loaned by William L. Baker, out of his own private funds, to the wards of his father, Robert A. Baker, after the father's death, could not have a greater effect than to create a liability to repay it, on

the part of the wards, to him in his individual capacity. The sums thus advanced being the private and individual moneys of William L. Baker himself, at most, only created an indebtedness severally against each ward to Baker personally, with which the estate of his father had nothing to do. What he seeks by his motion on the settlement of the guardian's estate, under the decree of insolvency, is to set off, or retain in his own hands, the sums thus advanced or loaned by him to each of the wards, against or out of each ward's distributive share of the insolvent estate. To do this, William L. Baker in his individual capacity must be made a party to the settlement under the decree of insolvency. This cannot be done in the court of probate, in such a proceeding. The only proper parties to such a settlement are, the administrator *de bonis non*, on the one side, and the creditors of the deceased, on the other, or the assignee or assignees of such creditors. In such a proceeding, an assignee of a creditor of the deceased may be substituted to the rights of the assignor. The court of probate has no jurisdiction to introduce other parties into the case, and make decrees in their favor, or against them.

Besides, the appellant's claims against the wards, unless they are admitted by the guardian acting for them in the settlement, should be established, before the wards' estate can thus be appropriated for their payment. This the probate court of Mobile has no power to do. There was, then, no error in the action of the court below in refusing the appellant's motion to permit him to retain the several distributive shares of the wards in the estate of Robert A. Baker, deceased, to pay himself. To do this, he must show that he is the owner of the several shares of each ward. 2 Story's Eq. § 1047; *NcNeill's Adm'r* v. *NcNeill's Creditors*, 36 Ala. 109, and cases there cited. The decree of August the 8th, 1867, is not final. It does not direct the payment of the distributive shares of the wards, as then ascertained, to the administrator *de bonis non*, or to William L. Baker personally. This question seems to have been purposely left open. The wards were not in court to hear it, and the decree would not bind them, unless they were. The court had no jurisdiction over questions involving the individual claims of the administrator *de bonis non*, unless he stood in court as the assignee of the wards; which he does not show himself to be. His remedy is not in the probate court.

The judgment of the court below is affirmed, with costs.